IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GLEN R. JEFFERY, JR.,

                    Plaintiff,

        v.                                                    OPINION and ORDER

PAMANDING SANNEH, ETHAN MARCZEWSKI,                            23-cv-117-jdp
TERESA CONCEPTA AMIMO, and KAITLYN A.
LEMERAND,

                    Defendants.

Plaintiff Glen R. Jeffery, Jr., proceeding without counsel, proceeds on several claims under the Eighth Amendment and Wisconsin law. Dkt. 44. Jeffery's claims arise from events that occurred on September 15, 2021, while he was incarcerated at Columbia Correctional Institution. The key allegations are that: (1) defendants Amimo and Lemerand, both nurses, falsely told correctional staff that Jeffery didn't have a medical contraindication for OC spray, after which correctional officers sprayed him; (2) defendant Marczewski, a correctional officer, put a spit hood on Jeffery despite his serious respiratory distress, and defendant Sanneh, a correctional officer, failed to intervene in that conduct; (3) Sanneh ordered other officers to tightly handcuff Jeffery behind his back even though Sanneh knew that Jeffery had a medical restriction preventing that action; and (4) Amimo gave Jeffery an inhaler with OC spray on it through his spit hood. *Id.* at 4, 6–7, 11–12. I allowed Jeffery to proceed against: (1) Lemerand and Amimo on Eighth Amendment conscious-disregard-of-safety claims, and Amimo on a state-law medical negligence claim; (2) Marczewski and Sanneh on an Eighth Amendment excessive force claim; and (3) Marczewski and Sanneh on Eighth Amendment medical care and state-law medical negligence claims. *Id.* at 12.

Amimo, Sanneh, and Marczewski (state defendants) have moved for summary judgment, contending that Jeffery failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 63. Lemerand, represented by different counsel, moved to join and adopt the state defendants' motion for summary judgment. Dkt. 75. I will grant both motions and dismiss Jeffery's federal claims without prejudice for failure to exhaust administrative remedies. I will also relinquish jurisdiction over Jeffery's supplemental state-law claims, dismissing them without prejudice to his bringing them in state court.

## BACKGROUND

On October 8, 2021, the institution complaint examiner's office received an inmate complaint from Jeffery that was similar to his federal complaint. Dkt. 33-2 at 8–9. Jeffery dated the inmate complaint October 4, 2021. *Id.* at 9. Jeffery noted that the underlying incident occurred on September 15, 2021, and he stated that he had good cause to file the inmate complaint late. *See id.* ("Good cause, I was out to court from 9-23-2021 – 10-1-2021 and could not file my complaint [or] review handheld camera and Capt. [Sanneh's body worn camera]." *Id.*

Institution Complaint Examiner R. Boyer rejected the inmate complaint as untimely because Jeffery filed it beyond the 14-day calendar limit. *Id.* at 6 (citing Wis. Admin. Code DOC § 310.07(2)). Boyer stated, incorrectly, that Jeffery made "no plea for good cause." Dkt. 33-2 at 6. But Boyer also determined that Jeffery failed to show good cause for his late filing because he didn't present any evidence that "he was denied the use of or inhibited in any way from using the [inmate complaint review system] since the date of the occurrence." *Id.*

Jeffery requested review of his rejected inmate complaint. *Id.* at 16. The reviewing authority, Warden L. Fuchs, approved Boyer's decision, concluding that he appropriately rejected Jeffery's inmate. *Id.* at 5.

## PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We "take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. As relevant here, a prisoner must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). At the discretion of the institution complaint examiner, "a late complaint may be accepted for good cause." *Id.* A prisoner "shall request to

file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.*

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Jeffery failed to exhaust administrative remedies. Boyer incorrectly stated that Jeffery made no plea for good cause in the inmate complaint, but that's immaterial: it's undisputed that he filed the inmate complaint outside the 14-day time limit, and that it was rejected for that reason. The issue is whether administrative remedies were available to Jeffery.

Jeffery had to file his inmate complaint by September 29, 2021. *See* Wis. Admin. Code DOC § 310.07(2). Defendants don't dispute that Jeffery was transported to the Milwaukee County Jail (MCJ) on September 23, 2021, and that he didn't return until October 1, 2021. So, the narrower issue is whether administrative remedies were available to Jeffery from the time the incident occurred on September 15, 2021, until he was transported from CCI on September 23, 2021.

Defendants have made this showing. Jeffery's inmate complaint is a paragraph long. It's clear from Jeffery's inmate complaint that he would have known of the facts that he needed to make that complaint right after the incident occurred. Jeffery had ample experience filing inmate complaints before the period at issue, having filed well over 100 before that time. *See* Dkt. 33-1 at 1–5. Practically, seven to eight days are enough time to file for a capable prisoner like Jeffery with ample experience with the complaint process to write a short inmate

complaint containing allegations of which he has knowledge. Jeffery alleged in his inmate complaint that he needed handheld and body-worn camera footage to file his claims. This allegation is implausible because Jeffery would have known of the facts underlying his inmate complaint right after the incident.

Here, for the first time, Jeffery contends that he couldn't file his inmate complaint on the week of September 20, 2021, because an "inmate may not file more than one complaint per calendar week," and he filed one on Friday of that week (September 24, 2021). *See* Dkt. 71 at 7 (citing Wis. Admin. Code DOC § 310.07(7)). But inmate complaints "regarding the inmate's health and personal safety" aren't subject to this rule. *See id.* § 310.07(7)(a). The allegations in Jeffery's inmate complaint are similar to allegations in his federal complaint, he is proceeding on excessive force, conscious-disregard-of-safety, medical care, and medical negligence claims. This exception would seem to apply. If Jeffery was unsure about its applicability, he should have "err[ed] on the side of exhaustion" and filed the inmate complaint anyway. *See Ross,* 578 U.S. at 644; *cf. Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try." (emphasis in original)).

Jeffery's contention that § 310.07(7) stopped him from filing a timely inmate complaint has a bigger problem: he had to show good cause for his late filing *in the inmate complaint*. Raising this contention here for the first time doesn't excuse Jeffery's failure to contend in the inmate complaint that this reason was good cause for his late filing under § 310.07(7). *See Fitzpatrick v. Fruehbrodt,* 843 F. App'x 814, 815 (7th Cir. 2021); *Shaw v. Bohnsack,* No. 23-cv-5-jdp, 2024 WL 688529, at *1 (W.D. Wis. Feb. 20, 2024); *Gibson v. Chester,* No. 19-cv-45, 2020 WL 5716055, at *6 (E.D. Wis. Sept. 24, 2020).

Jeffery's other arguments have the same problem. Jeffery contends that he was segregated after the incident and subject to a paper restriction, which stopped him from filing an inmate complaint before his transfer to MCJ. Dkt. 71 at 2. Jeffery also contends that the institution complaint examiner's office was withholding other complaints from being filed at that time, which dissuaded him from filing the inmate complaint at issue. *See id.* at 2–3. Again, Jeffery could have, and should have, raised these excuses in his late inmate complaint. These alleged barriers didn't exist when he ultimately filed it.

Jeffery says that he submitted his inmate complaint on October 4, 2021, but that Program Assistant Mary Leiser returned it with instructions to file it within 10 days. Dkt. 71at 3. Jeffery also says that he resubmitted it on October 8, 2021, which explains why it wasn't received until then. *See id.* These allegations are immaterial because the 14-day period to file an inmate complaint had expired on September 29, 2021. Leiser's alleged conduct could not have caused Jeffery's failure to meet that deadline. In any case, if Jeffery thought that Leiser's conduct stopped him from timely filing his inmate complaint, he should have revised his inmate complaint to raise that concern. Jeffery did raise his concern about Leiser's conduct when he appealed Boyer's rejection of the inmate complaint. Dkt. 33-2 at 16. But, again, Jeffery had to raise this allegation in the inmate complaint. *See Fitzpatrick*, 843 F. App'x at 815; *Shaw*, 2024 WL 688529, at *1; *Gibson v. Chester*, 2020 WL 5716055, at *6.

Jeffery alleges that CCI officials conspired to stop him from exhausting his claims, but his allegations are speculative and conclusory and don't warrant further discussion. *See* Dkt. 71 at 3, 7–9; *see also Gabrielle M. v. Park Forest-Chi. Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("[T]o withstand summary judgment, the non-movant . . . may not rely on vague, conclusory allegations." (emphasis in original)); *See Liu v. T & H Mach.*,

*Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("A party must present more than mere speculation or conjecture to defeat a summary judgment motion."). Jeffery's frequent use of the administrative remedy process at CCI also undermines this allegation. *See* Dkt. 33-1 at 5–6; *Mounson v. Chandra*, No. 04-cv-365, 2009 WL 2020848, at *3 (S.D. Ill. July 9, 2009).

In sum, defendants have shown that Jeffery failed to exhaust available administrative remedies. Therefore, I will grant the pending motions and I will dismiss Jeffery's federal claims without prejudice.

The PLRA's exhaustion requirement doesn't apply to Jeffery's medical negligence claims. *McDaniel v. Meisner*, 617 F. App'x 553, 556 n.3 (7th Cir. 2015). But I will decline to exercise supplemental jurisdiction over those claims. When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (courts usually decline to exercise supplemental jurisdiction over "pendent state-law claims" if "all federal claims are dismissed before trial"). Jeffery fails to establish that this court could exercise federal diversity jurisdiction over those claims because nothing in the record suggests that there is complete diversity of citizenship between him and each defendant.

ORDER

IT IS ORDERED that:

1. The state defendants' motion for summary judgment, Dkt. 63, is GRANTED.

2. Defendant Kaitlyn A. Lemerand's motion to join and adopt state defendants' motion for summary judgment, Dkt. 75, is GRANTED.

3.  Jeffery's federal claims are DISMISSED without prejudice for failure to exhaust administrative remedies.

4.  Jeffery's state-law claims are dismissed without prejudice because I decline to exercise supplemental jurisdiction over them.

5.  The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered August 7, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

8